IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | UNDER SEAL[1] |
| | ) | |
| v. | ) | Case No. 1:14-CR-126 |
| | ) | Hon. T.S. Ellis, III |
| Diana P. Vasquez, | ) | |
| Vasquez. | ) | |

## VASQUEZ'S RESPONSE TO GOVERNMENT'S SEALED RULE 35 MOTION FOR REDUCTION IN SENTENCE

Ms. Vasquez agrees that the motion should be granted because she has provided substantial assistance to the government. However, Ms. Vasquez submits that a reduction of 41-percent—rather than the 33-percent reduction recommended by the government—is appropriate in this case, resulting in a total sentence of 7 months.

As the government's motion outlines, Ms. Vasquez's cooperation assisted in the investigation or prosecution of *multiple* individuals. During debriefings of Ms. Vasquez, the government was able to learn about a new person of interest—the source of the counterfeit money—and to learn in more detail the management roles played by the ringleaders. Ms. Vasquez further identified the source of the counterfeit money by his known name and was able to identify the approximate location of this source's residence. Further, after her sentence Ms. Vasquez testified before the Grand Jury and has informed the government of her willingness to continue to cooperate in their investigation, even

---

[1] Sealing of this pleading is authorized pursuant to Local Criminal Rule 49(J).

after completing her sentence. Thus, Ms. Vasquez's cooperation was both highly significant and eminently useful.

The government's proposed reduction of 33 percent significantly undervalues the nature and extent of Ms. Vasquez's cooperation. Ms. Vasquez put herself and her family in danger by calling her baby's father, who lives in the Dominican Republic, and convincing him to cooperate with the Secret Service—his role was to call one of the government agents as soon as he learned the whereabouts of a sought after fugitive. Ms. Vasquez also enlisted the help of her elder mother by asking her to be alert to any phone call from her baby's father and to let her know immediately so she could inform the Secret Service.

Ms. Vasquez was willing to take this risk because she viewed it as penance for her mistakes. Through her substantial assistance and cooperation, she hoped to demonstrate to this Court his remorse and desire to pay back her debt to society and to be a good role model for her child.

## CONCLUSION

For the foregoing reasons, Ms. Vasquez respectfully submits that this Court should reduce her sentence by approximately 41 percent, a reasonable bump from the 33%, to a total sentence of no more than 7 months.

Respectfully Submitted,
Diana P. Vasquez
By Counsel

Jorge E. Artieda, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2014, I will file the foregoing pleading under seal with the Clerk of Court. A copy of the pleading will be delivered electronically to:

>Steve Campbell
>United States Attorney's Office
>2100 Jamieson Avenue
>Alexandria, Virginia 22314
>(703) 299-3700

A courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the filing.

_____
Jorge E. Artieda, Esquire